UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK WHITE THUNDER,<br><br>Defendant. | 3:24-CR-30056-ECS<br><br>ORDER DENYING DEFENDANT FRANK WHITE THUNDER'S MOTION FOR ACQUITTAL OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL |

Defendant Frank White Thunder was indicted on one count of second degree murder in violation of 18 U.S.C. §§ 1153 and 1111; one count of assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3); one count of assault resulting in serious bodily injury in violation of 18 U.S.C. § 1153 and 113(a)(6); one count of robbery in violation of 18 U.S.C. §§ 1153, 2111, and 2; one count of commission of a crime of violence while failing to register as a sex offender in violation of 18 U.S.C. § 2250(d); and one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). Doc. 15. White Thunder exercised his right to trial, and the matter was tried on January 27–30, 2026. Following the four-day jury trial, on January 30, 2026, the jury found White Thunder guilty on all counts. Doc. 200.

White Thunder, through his counsel, now moves the Court for a judgment of acquittal on all counts of the superseding indictment pursuant to Federal Rule of Criminal Procedure 29 or in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33. Doc. 214. White Thunder's motion re-iterates the same arguments he raised at trial, which the Government opposed and this Court rejected. The Court is still of the mind that the rulings it made during

trial were correct.  Thus, for the reasons stated below, Defendant Frank White Thunder's Motion for Acquittal or in the Alternative, Motion for a New Trial, Doc. 214, is denied.

## I.    Motion for Judgment of Acquittal

White Thunder argues that he is entitled to a judgment of acquittal "based on the fact that the government has failed to present sufficient evidence to sustain a conviction for any of these offenses." Doc. 214 at 1.

### A.    Legal Standard

Under Federal Rule of Criminal Procedure 29, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict[.]" Fed. R. Crim. P. 29(c)(1).  Upon defendant's motion, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2).

Courts have very limited latitude to grant judgment of acquittal under Rule 29(c); courts "must not assess witness credibility or weigh evidence, and the evidence must be viewed in a light most favorable to the government." United States v. Hassan, 844 F.3d 723, 725 (8th Cir. 2016) (citing United States v. Stacks, 821 F.3d 1038, 1043 (8th Cir. 2016)).  Courts "review the evidence in the light most favorable to the verdict[] and reverse only if no reasonable jury could have found the appellate guilty beyond a reasonable doubt." United States v. Ireland, 62 F.3d 227, 230 (8th Cir. 1995) (citing United States v. McGuire, 45 F.3d 1177, 1186 (8th Cir. 1995)). "The evidence to support a conviction is sufficient, as a matter of law, if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States

2

v. Weston, 4 F.3d 672, 674 (8th Cir.1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

### B.    Discussion

#### 1.    Crimes Other Than Second Degree Murder

White Thunder "pursuant to Federal Rule of Criminal Procedure 29, requests that this Honorable Court enter a judgment of acquittal on all counts of the superseding indictment, based on the fact that the government has failed to present sufficient evidence to sustain a conviction for any of these offenses for the reasons set forth below." Doc. 214 at 1. When discussing Rule 29, White Thunder only addresses the second degree murder count. See generally id. Although the Government did not respond to White Thunder's post-trial motion for judgment of acquittal, the Government opposed White Thunder's motion for judgment of acquittal made during trial made under Rule 29 because the evidence was sufficient to meet all elements of each crime charged. Trial 1:47:36–1:47:48, Jan. 29, 2026 (audio). During trial this Court found sufficient evidence of the elements of each crime for the case to go to the jury and denied the motion for judgment of acquittal. Id. at 1:47:50–1:50:54. No new argument has been raised post-trial. Thus, to the extent White Thunder requests under Rule 29 that this Court enter judgment of acquittal on the counts other than second degree murder, his request is denied.

#### 2.    Second Degree Murder

White Thunder argues that "the Court should enter a Judgment of Acquittal on the charge of Second Degree Murder" because "[t]he testimony of the witnesses at trial failed to provide sufficient evidence to support Defendant's conviction for Second Degree Murder." Doc. 214 at

2–3. White Thunder argues that there was no evidence of malice aforethought because he only acted in response to the victim threatening White Thunder's brother.[1] Id.

> The jury was instructed that "malice aforethought" means:

> an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life. But "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the individual killed.

Doc. 198 at 9. White Thunder claims that there was no malice aforethought because his actions were done solely to protect his brother. Doc. 214 at 1–3.

But Co-Defendant Michael Leader Charge testified that the victim came toward their van holding what he could tell were fake guns based on their small size. Trial 11:08:00–11:09:10 Jan. 28, 2026 (audio). Despite seeing the guns and knowing the victim was somewhere nearby, White Thunder, his brother, and Leader Charge remained in the area to get cigarettes. Trial 2:15:00–2:15:44, Jan. 29, 2026 (audio). Leader Charge testified that at the time White Thunder struck the victim with a machete, White Thunder was angry and arguing with the victim because Leader Charge had informed White Thunder that earlier in the day the victim stole property from a residence of a deceased relative of Leader Charge and White Thunder, where White Thunder

---

[1] White Thunder argues in full that the testimony at trial was:

> Defendant was sitting in the back seat of a van when Andrew Two Eagle approached the van in an aggressive and threatening manner and confronted Jesse White Thunder. Andrew made verbal threats towards Jesse and pulled out two guns, which later turned out to be toy guns, while threatening the group in the van and then left. When Jesse left the van and went to buy cigarettes, Anderw [sic] came back and began threatening Jesse again.

> All witnesses testified at trial that they were attempting to avoid Andrew and had hoped that he had left the area before Jesse left the van to buy the cigarettes. The testimony was also indicative that Andrew was drunk, physically and verbally aggressive and was threatening Jesse. . . . The testimony at trial was that the Defendant only left the rear of the van when he saw Jesse being confronted by Andrew and that it was Andrew's actions in threatening Jesse which precipitated the response by Defendant.

Doc. 214 at 2.

sometimes resided. Trial 11:11:31–11:19:45 Jan. 28, 2026 (audio). White Thunder testified that he intentionally swung his knife at the victim's guns, which were in the victim's pocket. Trial 2:36:09–2:36:42, Jan. 29, 2026 (audio). Dr. Kenneth Snell, the doctor who performed the autopsy on the victim, testified that the knife entered ten inches into the victim's body and the stab wound was the cause of death. Trial 9:34:26–9:37:08, Jan. 29, 2026 (audio). Although White Thunder testified that he did not believe he stabbed the victim, White Thunder testified that he saw the victim holding his side and heard the victim say that he had been stabbed, but White Thunder did not call for police or ambulance assistance. Trial 2:37:25–2:42:18, Jan. 29, 2026 (audio).

Accordingly, there is sufficient evidence that White Thunder acted with an intent, at the time of a killing, willfully to take the life of a human being, or with an intent willfully to act in callous and wanton disregard of the consequences to human life, and not in self defense. Thus, White Thunder's Rule 29 motion for judgment of acquittal of second degree murder, Doc. 214, is denied.

## II.    Motion for New Trial

White Thunder argues that he should be afforded a new trial because he should have been allowed jury instructions on imperfect self defense and involuntary manslaughter as well as because "the evidence presented at trial was against the great weight of the jury verdict." Id. at 3–7 (citation modified). For the following reasons, White Thunder's motion for a new trial, Doc. 214, is denied.

### A.    Legal Standard

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When exercising their sound

discretion in granting or denying a new trial based on the weight of the evidence, district courts "can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (quoting White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992)). But "[u]nless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." Id.

### B.    Discussion

#### 1.    Jury Instructions

This Court begins with White Thunder's argument that he should have been allowed a jury instruction on imperfect self defense. Doc. 214 at 3–5. Although this Court instructed on perfect self defense, Doc. 198 at 11, White Thunder argues that an instruction for imperfect self defense would have been proper to permit the jury to consider if he had been criminally negligent and unreasonably believed that deadly force was necessary. Doc. 214 at 3–5.

White Thunder relies on United States v. Milk, 447 F.3d 593 (8th Cir. 2006). In Milk, the Eighth Circuit identified that an imperfect self defense "may be proven by evidence that: (1) the defendant unreasonably but truly believed that deadly force was necessary to defend himself, or (2) the defendant inadvertently caused the victim's death while defending himself in a criminally negligent manner." Id. at 599. "An imperfect self-defense claim is premised on the view that *some* action was necessary for the defendant to protect himself." Id.

This Court determined that the facts supported a lesser included instruction of voluntary manslaughter and not an instruction of imperfect self defense and found that the Defendant's rights were being respected with the self defense instruction given to the jury. Trial 9:27:25–9:31:33, Jan. 30, 2026 (audio). When determining whether to give an imperfect self defense

instruction, this Court looked to several cases including United States v. High Hawk, 121 F.4th 701, 705 (8th Cir. 2024) (per curiam). The Eighth Circuit in High Hawk recognized that a lack of imperfect self defense instruction did not affect defendant's substantial rights when there was no evidence that defendant acted in imperfect self defense and the district court instructed the jury on the lesser included offense of voluntary manslaughter and on self defense. Id. This Court likewise did not find that the facts showed evidence that White Thunder acted in imperfect self defense, and thus, White Thunder's motion for a new trial based on the lack of an imperfect self defense instruction is denied.

White Thunder argues that a finding of imperfect self defense would lessen his culpability to criminal negligence, which would be the mental state for involuntary manslaughter. Doc. 214 at 4–5. White Thunder argues that the jury also should have been instructed on involuntary manslaughter because if he was found to be criminally negligent in his use of self defense (i.e. imperfect self defense), then his mental state would lead to a finding of involuntary manslaughter, not second degree murder. Id. This Court found that instructing on imperfect self defense was not appropriate, and thus, an instruction on involuntary manslaughter based on imperfect self defense was not proper.

Further, an involuntary manslaughter instruction standing alone is improper in this instance. See Trial 9:29:37–9:31:33, Jan. 30, 2026 (audio) (overruling White Thunder's objection to the jury instructions due to not including an involuntary manslaughter instruction). White Thunder's proposed involuntary manslaughter instruction required that the defendant acted grossly negligently. Doc. 185 at 11. White Thunder testified that he intentionally swung his knife at the victim's guns, which were in the victim's pocket. Trial 2:36:09–2:36:30, Jan. 29, 2026 (audio). But he alleged that he did so in self defense or defense of others. In United States

v. Crow Ghost, the Eighth recognized, "[w]e have noted the existence of authority indicating self-defense and involuntary manslaughter may be inconsistent and it can be 'error to instruct on the lesser included offense of involuntary manslaughter in the face of a plea of self-defense.'" 79 F.4th 927, 938 (8th Cir. 2023) (quoting United States v. Iron Shield, 697 F.2d 845, 847 (8th Cir. 1983)). Accordingly, this Court holds that its decision to not instruct on involuntary manslaughter does not warrant a new trial.

### 2. Evidence was Not Against Great Weight of the Jury Verdict

White Thunder argues that he should be afforded a new trial because "the evidence presented at trial was against the great weight of the jury verdict." Doc. 214 at 6 (citation modified). He argues "[t]he manifest weight of the evidence showed that Defendant had acted in self-defense of Jesse which is contrary to a finding of malice aforethought required for a conviction of second degree murder." Id. at 7. "'[M]alice aforethought' means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life." Doc. 198 at 9.

The fact that White Thunder, his brother, and Leader Charge remained in the area to get cigarettes after seeing the victim's fake guns supports Leader Charge's testimony that it was identifiable that the guns were fake and shows that White Thunder did not believe the guns posed an immediate threat of harm. White Thunder intentionally jabbed his knife at the victim's guns, which were in the victim's pocket. White Thunder testified that he did not believe that he had stabbed the victim and only scratched him, but the knife entered approximately ten inches inside the victim. White Thunder testified that he saw the victim holding his side and heard the victim say he had been stabbed, but White Thunder did not call for police or ambulance assistance.

Thus, this Court finds that the guilty verdict on the second degree murder conviction was not against the great weight of the evidence and does not find a miscarriage of justice.

Because White Thunder has failed to show that he is entitled to a new trial based on the arguments alleged, White Thunder's motion for a new trial, Doc. 214, is denied.

## III.    Conclusion

Accordingly, it is

ORDERED that Defendant Frank White Thunder's Motion for Acquittal or in the Alternative, Motion for a New Trial, Doc. 214, is denied.

DATED this 22nd day of April, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

9